## First Nat. Bank of Omaha *v.* Mastin Bank *et al.*

### (Circuit Court, W. D. Missouri, W. D. October, 1880.)

ASSIGNMENT FOR BENEFIT OF CREDITORS—WHAT PASSES—MISTAKE.

> The First National Bank was directed by the Mastin Bank, with which it had a running account, to deposit what was due the latter with a third bank. Through a mistake in its accounts, the National Bank placed more money to the Mastin Bank's credit than was actually due it. The Mastin Bank made a general assignment, and its assignee demanded and received from the third bank all of said money. *Held*, that the excess could be recovered from him, as he possessed only the equities of his assignor.

In Equity. Suit by the First National Bank of Omaha against the Mastin Bank and Kersey Coates, assignee thereof, to recover $1,816.22.

The facts as agreed upon are substantially as follows: August 27, 1878, the Mastin Bank requested the First National Bank of Omaha, with which it had a running account, to deposit to its credit such an amount as was due it, in even hundreds of dollars, with the Metropolitan National Bank of New York, and $8,800 was accordingly remitted to said bank; the books of the First National Bank of Omaha showing somewhat over that amount to be due at the time. The First National Bank of Omaha had sent to the Mastin Bank for collection a draft drawn by one Faut, which was collected July 17, 1878; the proceeds thereof

being placed by the last-named bank to the credit of the other. But the First National Bank of Omaha had failed to charge said item, and the amount forwarded to the Metropolitan National Bank of New York was consequently $1,816.22 in excess of the sum due the Mastin Bank. A few days thereafter the Mastin Bank failed, and made an assignment to Kersey Coates, and transferred to him all its assets. He demanded and received from the Metropolitan National Bank the entire amount so placed to the Mastin Bank's credit. As soon as the First National Bank of Omaha became aware of its mistake, it demanded said $1,816.22 from the Mastin Bank, the Metropolitan National Bank of New York, and Coates, assignee; and this suit is brought to recover that sum.

*J. M. Woolworth*, for complainant.

*Pratt, Brumback & Ferry*, for respondent.

McCRARY, J. The fact is admitted by the agreed statement that plaintiff sent to the Metropolitan National Bank in New York, to be placed to the credit of the Mastin Bank, the money now in controversy, in consequence of a mistake of fact. When plaintiff stated the account, in order to ascertain the sum to be sent to the New York bank, one item thereof was omitted by reason of an error of the accountant, or because the bank had not received notice at that time of the collection by the Mastin Bank of the Faut draft. The result of the transaction was that the plaintiff sent to the Metropolitan National Bank, to be credited to the Mastin Bank, more money than was due to the latter; or, in other words, there was placed in the hands of said Metropolitan National Bank, $1,816.22, which did not, in equity, belong to the Mastin Bank. It was, however, placed to the credit of that bank, and after the assignment it passed into the hands of the assignee. As between the original parties to this transaction, it cannot be claimed that the Mastin Bank acquired any interest in, or right to, the money now in dispute. It is a principle of equity, too plain to require a citation of authorities to support it, that where one person, by mistake, delivers to another money or property without consideration, he may recover it back; and, where the identical property cannot be found and recovered, equity permits him to pursue and recover the proceeds wherever he can find them, unless they have passed into the hands of an innocent holder. Where both parties intended the delivery of a particular sum of money, and where, by the mistake of both, a larger sum was delivered, the party receiving the excess becomes, in equity, a trustee for the real owner thereof, and bound to deliver it upon demand to him. The ground upon which this rule proceeds is, that mistake or ignorance of facts is a proper subject of relief when it constitutes a material ingredient in the contract or acts of the parties, and disappoints their intention by a mutual error, or where it is inconsistent with good faith, and proceeds from the violation of the obligations which are imposed by law upon the conscience of either party. Story, Eq. Jur. § 151.

It is equally clear that the plaintiff has a right to relief against the assignee, who claims by a general assignment under the laws of Missouri,

for the reason that the assignee is deemed to possess the same equities only as the debtor himself would possess. Id. § 1228.

It is my opinion that upon the principles of equity the plaintiff is entitled to recover the sum of money in controversy in this suit; and decree will be entered accordingly.